By the Court, Bronson, J.
The parties are agreed that the property was assigned to pay, so far as it would go, the debts which the assignors owed either jointly or severally; and such I think is the true construction of the assignment. If the alleged partnership is not established, the debt due the plaintiffs is clearly a charge on the trust fund; for the goods were sold to Cyrus Creal, one of the assignors, and his liability is not questioned. But if the partnership can be established, this will then be the debt of the three defendants; and I think the assignors did not contemplate the payment of a debt which they owed jointly with a third person. If this be so, and the plaintiffs recover, their debt will no longer be a charge upon the trust fund; and the two assignees, as creditors of the assignors, had a direct interest in making out the partnership. The effect will be to relieve the fond from the burden of the plaintiffs’ debt, and so increase the dividend which the witnesses would otherwise receive from the assigned property.
If a debt against the three defendants would be a charge upon the trust fund, I still think the two assignees were interested witnesses. They were sworn to make out a partnership against all the defendants; and if the debt of Cyrus can thus be collected from John and John W., or either of them, the trust fond will of course be relieved from this burden, and the two witnesses will receive an increased dividend on their debts from the avails of the assigned property. And so in any view of the case, the two witnesses were incompetent, and should have been rejected.
Motion granted.